DA 10-0473

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 64N

JAMES B. COX,

      Plaintiff and Appellant,

   v.

TERRY L. SEIFFERT, HECTOR RUBIO,
ROSINA RUBIO and JACOB RUBIO,

      Defendants and Appellees.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 10-0099
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James B. Cox (self-represented litigant); Billings, Montana

      For Appellees:

          Terry L. Seiffert, Attorney at Law, Billings, Montana
(for himself, for Hector Rubio, Rosina Rubio, and Jacob Rubio)

Submitted on Briefs: March 8, 2011

Decided: April 5, 2011

Filed:

                   _____
                                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James B. Cox filed this action for conversion of a 42-year-old mobile home that he bought for $2,400, seeking damages up to $500,000. Cox entered a contract to sell the mobile home to a third party, who moved it to property owned by some of the Rubios. In July, 2007, the Rubios notified Cox to move the mobile home from their property or pay storage charges of $20 per day. In November, 2007, one or more of the Rubios filed an agister's lien with the Yellowstone County Clerk and Recorder. Section 71-3-1201, MCA. In January, 2008 there was a sheriff's sale of the trailer to satisfy the lien. Section 71-3-1203, MCA. Cox never moved the trailer and did not attend the sale.

¶3 In January, 2010, Cox sued the Rubios and Seiffert, their attorney, for conversion of the trailer. The District Court, the Hon. Gregory Todd, entered summary judgment against Cox and found him liable for sanctions under Rule 11, M. R. Civ. P. The District Court held that there was no legal basis for the conversion action and that the Rubios had asserted and foreclosed upon the agister's lien according to law (citing *Bethel v. Giebel*, 101 Mont. 410, 55 P.2d 1287 (1936)). *See also Rose v. Myers*, 223 Mont. 13, 724 P.2d 176 (1986)).

¶4 Following the summary judgment and sanctions orders, Cox brought civil actions for damages in the United States District Court against Judge Todd and the Yellowstone County

2

Sheriff. Judge Susan Watters assumed jurisdiction over the present case after Cox sued Judge Todd. She subsequently entered a judgment against Cox for $4,787.50 as sanction for the Rule 11 violation.

¶5 Cox has not cited any material fact or law that would invalidate the District Court's decision that the lien was properly asserted and foreclosed. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law. We find no reason in fact or law to disturb the District Court's order.

¶6 Appellees' requests to dismiss the appeal for Cox's failure to participate in mediation on appeal and for sanctions on appeal are denied.

¶7 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE